UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WALTER WALLACE, JR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00266-JMS-MJD |
| ) | |
| J.E. KRUEGER WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

The petitioner initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons stated below, the petitioner's habeas petition is legally insufficient on its face and thus summary dismissal is appropriate.

The petitioner is currently incarcerated at the federal prison in Terre Haute, Indiana, which is within the Southern District of Indiana. He is serving the executed portion of sentences imposed by the United States District Courts for the Eastern District of Missouri and the Southern District of Illinois. He was sentenced by these courts to terms of incarceration of 141 months and 151 months, respectively (portions of which run concurrently), and ordered by both to pay substantial restitution. *See* No. 4:11-cr-00186-RWS (E.D. Mo. Jan. 24, 2013); No. 3:11-cr-30118-WDS (S.D. Ill. Nov. 9, 2013).

In his habeas petition, the petitioner argues that the Bureau of Prisons ("BOP") has been improperly withdrawing $25.00 per month from his account pursuant to the Inmate Financial Responsibility Program ("IFRP"). He maintains that this is improper, and asks the Court to enjoin

these collections, because the BOP "does not have the authority to force the Petitioner to pay his restitution, [since] the sentencing court did not fix a restitution[] payment schedule." Filing No. 1 at 2. The petitioner acknowledges that he agreed to participate in the IFRP and pay the scheduled payments, but he only did so "to avoid the adverse[ ]consequences" imposed by the BOP "for not agreeing" to participate. Filing No. 1 at 3 (citing 28 C.F.R. § 545.11).

The IFRP is meant to "encourage[] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Under the IFRP, prison staff "shall help th[e] inmate develop a financial plan and shall monitor the inmate's progress in meeting" his obligations. 28 C.F.R. § 545.11. "Inmates who do not participate may lose a number of privileges identified in 28 C.F.R. § 545.11(d), which include participating in the UNICOR prison job training program, furloughs, and outside work details, and having higher commissary spending limits, access to higher-status housing, and access to community-based programs." *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010).

The petitioner is correct that "the Bureau of Prisons lacks the power to compel participation in the IFRP." *Id.* at 335. But the petitioner admits in his petition that he agreed to participate in the IFRP. Simply because there are consequences for not agreeing to participate does not mean that he was forced to agree. As made clear in *Boyd*, "a prisoner may choose . . . to bear the consequences of not participating." *Id.* But it is not unlawful for the BOP to impose consequences for making that choice. *See Day v. Daniels*, 673 Fed. Appx. 582, 584 (7th Cir. 2017) ("The [BOP] does not contend that he must participate in the [IFRP]. But if he withdraws from the program, the [BOP] may impose consequences, such as restrictions on commissary spending, working, housing, and programming. *See* 28 C.F.R. § 545.11(d).").

In short, the petitioner has a choice to participate in the IFRP or suffer the consequences imposed by the BOP, and he chose the former. The Seventh Circuit has made clear that requiring inmates to choose between these two options is not unlawful. Accordingly, the petitioner's § 2241 habeas petition reveals on its face that he is not entitled to relief, and it is therefore summarily **dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/20/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WALTER WALLACE, JR
38586-044
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808